UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THOMAS J. BLAKE,

    Petitioner,

v.                                    Case No. 09-C-624

WILLIAM POLLARD,
Warden, Green Bay Correctional Institution,[1]

    Respondent.

## ORDER

On June 24, 2009, Thomas J. Blake filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Winnebago County Circuit Court of first degree intentional homicide and was sentenced to life in prison without eligibility for release on extended supervision. He is currently incarcerated at Green Bay Correctional Institution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

---

[1] Petitioner named the "State of Wisconsin" as respondent. However, under 28 U.S.C. § 2242, the proper respondent is "the person who has custody over" petitioner. I have amended the caption accordingly.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Blake provides two grounds in support of his petition. First, he claims he did not enjoy effective assistance of counsel prior to entering his plea of no contest to the intentional homicide charge. According to Blake, his counsel should have explored a defense based upon the information available to counsel, which Blake contends supported a finding that Blake acted recklessly and not with the intent required for intentional homicide.[2] Because of this, Blake asserts that his plea was involuntary.

Blake's second claim is that the assistance he received by counsel at sentencing[3] was ineffective for his counsel's failure to review and object to a PowerPoint presentation featuring the life of his victim. Blake asserts that the presentation was inflammatory and counsel's failure to review it in advance and object to its consideration deprived him of a fair sentencing hearing.

Ineffective assistance of counsel is clearly a constitutional ground for habeas relief under *Strickland v. Washington*, 466 U.S. 668 (1984). While it is true that "lawyers need not inform their clients of every possible defense, argument, or tactic, especially one not suggested by any evidence at the time," *St. Pierre v. Walls*, 297 F.3d 617, 635 (7th Cir. 2002), counsel does have "an obligation

---

[2] According to the decision of the Wisconsin Court of Appeals in affirming the conviction, Blake argued that the facts were consistent with a consensual sexual encounter with the victim and her death as a result of "sex gone bad." *State v. Blake*, 2009 WI App 1, ¶¶ 13-15, 2008 WL 4866284, 762 N.W. 2d 863 (Wis. Ct. App. Nov. 12, 2008) (unpublished decision).

[3] The two attorneys that initially represented Blake withdrew after he entered (and later moved to withdraw) his plea. Blake's second claim of ineffectiveness relates to the assistance provided by the attorney that represented him after his first two attorneys.

either to investigate possible defenses or make reasonable decisions that particular investigations are unnecessary." *Burt v. Uchtman*, 422 F.3d 557, 566 (7th Cir. 2005) (citing *Kimmelman v. Morrison*, 477 U.S. 365, 385 (1986)). Further, the Sixth Amendment right of effective assistance of counsel extends to sentencing proceedings. *See, e.g., Wiggins v. Smith*, 539 U.S. 510 (2003). These are at least colorable constitutional issues.

Regarding exhaustion, an application for writ of habeas corpus from a person in state custody shall not be granted unless it appears that (a) the applicant has exhausted state remedies, or (b) there is no available state corrective process or circumstances exist that render such process ineffective to protect the applicant's rights. 28 U.S.C. § 2254(b)(1). To exhaust a claim, the petitioner must provide the state courts with a full and fair opportunity to review his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A specific claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). This requires the petitioner to appeal adverse state court decisions all the way to the state supreme court when doing so is part of the ordinary appellate review procedure in that state. *O'Sullivan*, 526 U.S. at 847. The doctrine of exhaustion allows state courts the "initial opportunity to pass on and correct alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) (internal quotation marks omitted). A petition for writ of habeas corpus should be dismissed if state remedies have not been exhausted as to any one of the petitioner's federal claims. *Rose v. Lundy*, 455 U.S. 509 (1982); *Cruz v. Warden of Dwight Correctional Ctr.*, 907 F.2d 665, 667 (7th Cir. 1990).

Here, petitioner raised his claims of ineffective assistance on direct appeal to the Wisconsin Court of Appeals, which affirmed the judgment of conviction. Blake petitioned the Wisconsin

Supreme Court for review, but the petition was denied. Thus, it appears that Blake has exhausted his state court remedies.

Petitioner filed with his petition an application for leave to proceed *in forma pauperis*. He also, however, has submitted the $5 filing fee. Because he paid the filing fee, his request to proceed *in forma pauperis* will be denied as moot.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion in lieu of an answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed

thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

**FURTHER, IT IS ORDERED** that petitioner's request for leave to proceed *in forma pauperis* is denied as moot.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

This district's form regarding magistrate judge jurisdiction should be included with copies of this order and returned by the parties as directed on that form.

Dated this   29th   day of June, 2009.

                                               s/ William C. Griesbach
                                              William C. Griesbach
                                              United States District Judge